T. V. GRANT v. STATE.

No. A-1972.　Opinion Filed March 17, 1914.

Appeal from District Court, Pontotoc County;
Tom D. McKeown, Judge.

T. W. Grant was convicted of embezzlement, and appeals.　Reversed.

C. C. Williams, C. F. Green, and J. F. McKeel, for plaintiff in error.

C. J. Davenport, Asst. Atty. Gen., for the State.

PER CURIAM.　The plaintiff in error, T. W. Grant, was convicted at the November, 1912, term of the district court of Pontotoc county on a charge of embezzlement, and his punishment fixed at imprisonment in the state penitentiary for a period of one year.　We have carefully read the record in this case and to our minds there is no offense disclosed by the proof and also no question of fact which should have been submitted to the jury.　The plaintiff in error was prosecuted for embezzlement upon the theory that as agent of one Starritt he embezzled the proceeds of certain ties.　The relation of principal and agent did not exist.　The facts clearly disclose the relation of debtor and creditor instead, and the case must therefore fall.　We are of the opinion that a statement of the facts and an elaborate discussion of the questions involved would serve no good purpose.　The judgment of the trial court is reversed and the cause remanded with directions to dismiss.

---

WALTER BOWERS v. STATE.

No. A-1971.　Opinion Filed March 1, 1914.

Appeal from County Court, Rogers County;
Walter W. Shaw, Judge.

Walter Bowers was convicted of violating the prohibitory law, and appeals.　Affirmed.

D. G. Elliott, for plaintiff in error.

C. J. Davenport, Asst. Atty. Gen., for the State.

PER CURIAM.　The plaintiff in error, Walter Bowers, was convicted at the February, 1913, term of the county court of Rogers county on a charge of selling intoxicating liquors, and his punishment fixed at a fine of $250 and imprisonment for sixty days.　The appeal was taken to this court on the 18th day of April, 1913, and the cause submitted in this court for final determination on the 5th day of March, 1914.　No briefs have been filed on behalf of the plaintiff in error, and no appearance made for oral argument.　The assistant Attorney General, on the hearing, moved for an affirmance of this·cause on the ground that the appeal had been abandoned.　We have examined the record and find no error.　The judgment of the trial court is therefore affirmed.